IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON CHAPMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>JAY and HELEN LEWIS TRUST,<br><br>        Defendant. | 2: 04-cv-337-GEB-JFM<br><br>ORDER TO SHOW CAUSE AND <u>CONTINUING FINAL PRETRIAL CONFERENCE</u> |

By order filed August 9, 2004, a final pretrial conference was scheduled in this case for January 9, 2006. The parties were required to file a joint pretrial statement "not later than seven (7) days prior to the final pretrial conference." (August 9 Order at 5.) Defendant failed to file a joint pretrial statement. Due to defendant's failure to timely file the joint pretrial statement as ordered, the final pretrial conference is reset to February 27, 2006 at 2:30 p.m.

Defendant and its counsel are ORDERED TO SHOW CAUSE (OSC), by filing a written statement, not later than January 11, 2006, why the Court should not issue sanctions for their failure to

1

file a joint statement under Rule 16(f) of the Federal Rules of Civil Procedure as ordered. The written responses should indicate whether the defendant or its counsel is at fault and whether a hearing is requested on the OSC.[1] If a hearing is requested, the parties will be heard at 2:30 p.m. on February 27, 2006. Defendant is warned that failure to comply with this order could result in its answer being stricken and a default judgment entered against defendant.

IT IS SO ORDERED.

Dated:  January 9, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).